**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARIECE SIMS, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:04-CR-0048-ODE-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| | : | CIVIL FILE NO. |
|     Respondent. | : | 1:13-CV-3852-ODE-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Mariece Sims, proceeding *pro se*, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his convictions and sentences entered in this Court under the above criminal docket number. The matter is before the Court for preliminary review of Movant's § 2255 motion. (Doc. 240). Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed as untimely.[1]

---

[1]The opportunity to object to this recommendation provides Movant with a fair opportunity to present any matter that requires a different disposition of the matter. See <u>Day v. McDonough</u>, 547 U.S. 198, 209-10 (2006) (holding "that district courts are

## I.  <u>Discussion</u>

The grand jury sitting in the Northern District of Georgia indicted Movant on the following counts:  (1) kidnaping; (2) sex trafficking of children by force, fraud, or coercion; (3) forced labor; (4) transporting a minor across state lines for prostitution; (5) transporting a person across state lines for prostitution; (6) coercing a person to travel across state lines for prostitution; and (7-9) conspiracy and witness intimidation and harassment.  (Doc. 72).  The jury found Movant guilty of counts one, two, four, five, and six and found him not guilty on the remaining counts.  (Doc. 127).  On remand from his first appeal, the Court re-sentenced Movant to twenty-eight years on counts one, two, and four; ten concurrent years on count five; and twenty concurrent years on count six.  (Doc. 169; <u>see</u> <u>also</u> Doc. 163).  By Order entered on October 4, 2007, the Court granted Movant's first § 2255 motion and reimposed the above sentence, with appropriate credit for time already served.  (Docs. 169, 202).

Movant appealed and argued, among other things, that "the district court erred in considering acquitted conduct at his resentencing hearing."  <u>United States v. Sims,</u>

---

permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition," but noting that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

299 F. App'x 945, 945 (11th Cir. 2008).  On November 12, 2008, the Eleventh Circuit

Court of Appeals found as follows:

> Our long-standing precedent directs that "[r]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence."  United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir. 1997).  The Supreme Court explained, in United States v. Watts, 519 U.S. 148, 117 S. Ct. 633, 636 . . . (1997), that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction."  Therefore, "consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted." Id. (quotation omitted).  In United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 756 . . . (2005), the Supreme Court held that a jury must determine beyond a reasonable doubt any fact that increases the sentence of a defendant over the high end of the Guidelines range.  However, we have held that Booker does not prohibit courts from considering relevant acquitted conduct in an advisory guidelines system as long as a court does not impose a sentence that exceeds what is authorized by the jury verdict.  United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005). . . .

> The resolution of this issue is determined by our holding in Duncan, 400 F.3d at 1304-05, that acquitted conduct can serve as the basis for a sentence enhancement in an advisory guidelines system if the conduct is proven by a preponderance of the evidence.

Id. at 948-49.  On January 15, 2009, the Eleventh Circuit, *en banc*, denied a rehearing.

United States v. Sims, No. 07-14975-ASA (11th Cir. Jan. 15, 2009).

On June 17, 2013, after Movant's conviction became final, the United States Supreme Court held based on its earlier holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that a fact such as the brandishing of a firearm – which increases the mandatory minimum sentence under 18 U.S.C. § 924(c)(1)(A)(ii) – must be submitted to the jury.  Alleyne v. United States, _ U.S._, _, 133 S. Ct. 2151, 2163 (2013).

On November 12, 2013, Movant filed his current § 2255 motion.[2]  (Doc. 240). Movant argues, based on Alleyne, that the court erred in using acquitted conduct to add a two-level upward adjustment to his guidelines sentencing range and asserts that his § 2255 motion is timely because he is actually innocent of that adjustment.  (Doc. 240, Attach. at 6).

A § 2255 motion is subject to a one-year statute of limitations that runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[2]Generally, a prisoner filing is deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008) (citing Houston v. Lack, 487 U.S. 266, 276 (1988), and Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)).

AO 72A
(Rev.8/82)

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f).  The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (quoting Holland v. Florida, 560 U.S. 631, _, 130 S. Ct. 2549, 2562 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 132 S. Ct. 158 (2011).  In addition, actual innocence provides an exception, though rare, to the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)).  To show actual innocence, Petitioner must, "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence," demonstrate that "it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 324, 327-28.  To the extent that there is an actual innocence exception in a noncapital sentencing context, "a movant must show that he is *factually* innocent of the conduct or underlying crime that serves as the predicate for the enhanced sentence." McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011) (emphasis in original), cert. denied, _ U.S. _, 133 S. Ct. 112 (2012).

Here, Movant's convictions became final on April 15, 2009, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals denied a rehearing on January 15, 2009. See Michel v. United States, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008).   Under § 2255(f)(1), Movant's § 2255 motion was due by January 15, 2010, and his November 2013 motion is almost three years late unless § 2255(f)(3) or the actual innocence exception applies.[3]  They do not, as discussed below.

In his attempt to raise again the same issue that he unsuccessfully raised on direct appeal, Movant presents no previously unavailable facts to show actual innocence, and his attempt to rely on Alleyne fails because Alleyne is not retroactively

---

[3]There is no indication that § 2255(f)(2) or (4) or equitable tolling apply.

applicable under § 2255(f)(3).[4]   The Fourth Circuit, in an unpublished opinion, has

determined that <u>Alleyne</u> has not been made retroactively applicable to cases on initial

collateral review.   <u>United States v. Stewart</u>, No. 13-6775, _ F. App'x _, 2013 WL

5397401, at *1 (4th Cir. Sept. 27, 2013) (affirming dismissal of § 2255 motion after

allowing amendment to raise <u>Alleyne</u> claim).   Further, the Seventh Circuit has found

(1) that <u>Alleyne</u> does not apply retroactively on collateral review, for purposes of filing

a successive § 2255 motion, until and unless the United States Supreme Court has

decided that it is retroactively applicable and (2) that such a decision is unlikely

because "<u>Alleyne</u> is an extension of <u>Apprendi</u> . . . [, and t]he Justices have decided that

other rules based on <u>Apprendi</u> do not apply retroactively on collateral review."

<u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013); <u>see also</u> <u>United States v.</u>

---

[4]Movant's reliance on <u>Alleyne</u> otherwise fails.  As indicated earlier, the Court in <u>Alleyne</u> determined that a jury must decide any fact that increases a mandatory minimum sentence.  <u>Alleyne</u>, _ U.S. at _, 133 S. Ct. at 2155.  It also noted what its holding did *not* entail – "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."  <u>Id.</u>, _ U.S. at _, 133 S. Ct. at 2163.  In line with <u>Alleyne</u>, <u>Watts</u> – cited by the Eleventh Circuit Court of Appeals in deciding Movant's November 2008 direct appeal – held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence."  <u>Watts</u>, 519 U.S. at 157.  That holding remains binding.

7

Redd, _ F.3d _, 2013 WL 5911428, at *3 (2nd Cir. 2013) (same); In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (same).  The Eleventh Circuit has come to the same conclusion.  See Order at 4, In re: Clark, No. 13-13156-D (11th Cir. July 12, 2013) ("[T]he Supreme Court has strongly indicated that cases involving application of Apprendi are not retroactive to cases on collateral review.").

Because Movant's November 2013 § 2255 motion is untimely, it must be dismissed.

## II.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

8

further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529

U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because the decisive procedural issue, untimeliness, is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

9

### III.    Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's § 2255 motion, (Doc. 240), be **DISMISSED** as untimely and that a COA be **DENIED**.

The Clerk is **DIRECTED** to withdraw the reference of the § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 2nd day of December, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

10